# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

RECEIVED

2006 DEC -7 P 2: 34

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| LINDY G. WRIGHT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:06CV-1087-WK |
| | ) | |
| CHATTAHOOCHEE VALLEY COMMUNITY | ) | JURY TRIAL DEMANDED |
| COLLEGE (CVCC), | ) | |
| Dr. LAUREL BLACKWELL, Individually and | ) | |
| in Her Official Capacity as President of CVCC, | ) | |
| Dr. JAMES LOWE, Individually and in His | ) | |
| Official Capacity as Dean of Students, CVCC, | ) | |
| Dr. DIXIE PETERSON, Individually and in her | ) | |
| Official Capacity as Head of the Nursing | ) | |
| Department at CVCC, and X, Y, Z, being those | ) | |
| persons not named herein, whose names are not | ) | |
| presently known, but who will be added by | ) | |
| amendment when ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW plaintiff, Lindy G. Wright ("plaintiff" or "Wright"), against the above-captioned defendants ("defendants"), and would show unto the Court the following:

## JURISDICTION AND VENUE

1.      Plaintiff Wright files this complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331, §1343, and §1367 to obtain compensatory and punitive damages as well as such equitable relief as the Court may deem appropriate.

2.      Defendants violated plaintiff's Fourteenth Amendment due process rights as guaranteed by federal law, particularly 42 U.S.C. §1981 and 42 U.S.C. §1983, Alabama contract and tort laws, and engaged in civil conspiracy against plaintiff.

1

021c16f4090f0450

3.    Venue is proper since violations of plaintiff's due process rights as alleged herein occurred in Russell County in the Middle District of the State of Alabama.

## PARTIES

4.    Plaintiff Wright is over the age of 19 years and at all times material hereto was a citizen of the United States and of the State of Alabama, residing in Russell County, Alabama.

5.    Plaintiff was a full time nursing student at Chattahoochee Valley Community College ("CVCC") at all times material hereto and is within that class of persons protected by 42 U.S.C. §1981 and 42 U.S.C. §1983.

6.    Defendant CVCC is a public educational institution organized and existing under the laws of the State of Alabama.

7.    Defendant Laurel Blackwell is president of CVCC.

8.    Defendant James Lowe is Dean of Students at CVCC.

9.    Defendant Dixie Peterson is head of the Nursing Department at CVCC.

10.    Each of the defendants sued herein is sued both in his or her individual and official capacity. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, defendants Blackwell, Lowe, and Peterson were acting within the line and scope of their employment at CVCC when they unlawfully deprived plaintiff of the legal rights guaranteed to her under the Constitution and laws of the United States and the State of Alabama.

## FACTUAL AVERMENTS

11.    In the fall semester of 2004, CVCC admitted plaintiff Wright, a Licensed Practical Nurse ("LPN"), into the Nursing Career Mobility Program, a twelve-month nursing program that leads to the award of the Registered Nurse ("RN") degree.

12.    In the fall semester of 2005, plaintiff completed the requirements for NUR252 (Adult

Nursing II) with an earned grade of "D" which plaintiff appealed on December 20, 2005.

13.    In appealing her grade for the semester, plaintiff raised a number of critical issues with Lynn Harris ("Harris"), her instructor, as to how the points were allocated, how the exams were given, how information not covered during class lectures was tested on the exams, and how the grades and points were communicated to students.

14.    Plaintiff alleges that Harris was unavailable to discuss these critical issues at the time of the individual exams, that Harris did not formally review the final exam until December 13, and that upon review and research of six exam questions (each worth 2.5 points) in nursing textbooks, plaintiff found that the answers listed on Harris' answer key did not match those provided in the textbooks. Even though plaintiff provided Harris with documented evidence of the discrepancies, Harris refused to provide plaintiff with the rationale for the answers listed on her answer key.

15.    Due to the lack of communication from Harris, plaintiff was placed in jeopardy of failing the NUR252 course, and became aware of this eventuality one or two weeks before taking the final exam. When questioned by plaintiff, Harris stated: "All you have to make is another 180 points" to pass the course. Harris provided no tutoring or remediation to plaintiff. Plaintiff further alleges that Harris did not post or makes the final exam grades available to her in a timely manner to contest their accuracy.

16.    A clinical instructor, whose task was to teach the practical, hands-on portion of the course, was not assigned to the class for five weeks, and when one was finally assigned, she did not show up for at least two clinical lectures, negatively impacting plaintiff's ability to synthesize or harmonize the lecture material with its practical aspects.

17.    In the absence of the clinical instructor, CVCC utilized the services of a "guest speaker," one of whom instructed the students that compensatory mechanisms of ABG's would not be included in the final exam. In fact two questions directly related to compensatory mechanisms

3

were included in the final exam. Other exams were not given on scheduled dates. Plaintiff further alleges that Nursing Care Plans were often unavailable for her to scrutinize and correct, but grades were awarded for them in any event.

18.     Plaintiff further alleges that there were ten drug and solution calculation questions on the four exams given during the fall 2005 semester, but nowhere in the course syllabus were drug dosage and calculations indicated as test issues on the unit exams, and instructor Harris did not review any drug calculations prior to the exams.

19.     Plaintiff further alleges that instructor Harris refused to discuss the final grade with plaintiff, refused plaintiff's request to review her test papers for accuracy, and refused to discuss the questions referred to in paragraph 14 for which documented evidence was available.

20.     With the knowledge and approval of Dr. Blackwell, Dean Lowe, Peterson, and Harris plaintiff enrolled in a substitute course NUR200 in the Spring semester of 2006 because, in the words of Dr. Blackwell, "NUR252 would not be offered again because of the implementation of the standardized statewide curriculum, so a substitute had to be offered in order for Ms. Wright to be able to repeat the course. As a result, NUR200 was substituted for the course, NUR252, which will no longer be offered." Peterson offered NUR200 to plaintiff and another similarly situated student, and assured plaintiff that the grade earned in NUR252 would not be held against her.

21.     Plaintiff earned an "A" in NUR200, and on May 19, 2006, filed a Course Forgiveness request with the Dean of Student and Administrative Services, but was denied. Dr. Blackwell wrote to inform the then counsel for plaintiff that: "However, NUR200 did not take away the failing grade of NUR252; it merely allowed an opportunity for Ms. Wright to repeat a failed course." This contradicted Dr. Blackwell's statements and Peterson's assurances referred to in paragraph 20 above.

22.     Plaintiff alleges that in the summer semester of 2006, as she prepared to take NUR272

4

(Pediatric Nursing), Peterson told a number of instructors to make it hard enough for plaintiff to pass the course because, according to Peterson, plaintiff was "weak" and was not going to pass the nursing board exams that would certify her as a registered nurse. According to one of the instructors who was present when these remarks were made, Peterson felt that plaintiff was "weak" and as such would not contribute to maintaining the passing rate of 80 percent CVCC had set for the nursing board exams in order to maintain certification for the nursing program itself.

23.    As pre-determined by Peterson, plaintiff failed NUR272 with an earned grade of "D" and was not allowed to graduate or re-enroll at CVCC. When plaintiff obtained her CARE plans (that accounted for a significant portion of her final grade) from the clinical instructor, Bridgette Jackson, it appeared that plaintiff's grades had been changed on three separate occasions without any explanation. The grades were as follows: 22/25, 7/25, and 19/25. Plaintiff avers that her second semester CARE plans were lost and she received a grade of 23/25 without explanation.

24.    Plaintiff is informed and believes and thereon alleges that at least two students who failed NUR272 were allowed to retake it in the summer semester of 2006, and another with two failures in the nursing program was allowed to graduate while plaintiff was denied the opportunity to retake NUR272 and graduate. Plaintiff was not allowed to review her grades for the second semester while other similarly situated students were allowed to do so. Upon thorough review, an opportunity denied to plaintiff, one of the students discovered that she had passed the NUR272 course, and CVCC refunded her tuition.

25.    Plaintiff is informed and believes and thereon alleges that Dean Lowe gave one of the students (originally from Nigeria) who took and failed NUR272 special consideration because he was concerned about litigation alleging national origin discrimination after the student showed up in his office with an attorney. CVCC allowed this student to retake NUR272 even though it scheduled the

5

course to be offered in the 2006-2007 academic year.

26.    Plaintiff is informed and believes and thereon avers that documented evidence exists to show that defendants changed nursing students' grades when they complained, but denied plaintiff the same consideration it accorded similarly situated nursing students at CVCC.

## CAUSES OF ACTION:

## COUNT I: VIOLATION OF DUE PROCESS

27.    Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above with the same force and effect as if fully set out in specific detail below.

28.    Plaintiff alleges that she earned a "D" grade in NUR252 in the fall semester of 2005 because her instructor Harris, an employee of CVCC, was unavailable to address critical concerns plaintiff had about the course, specifically that upon review and research of the final exam on December 13, plaintiff found serious discrepancies in six of the final exam questions for which Harris refused to provide any explanation for the answers listed on her answer key.

29.    Plaintiff further alleges that there was a lack of communication between Harris and herself, placing her in jeopardy of earning a "D" grade in NUR252. Apart from telling plaintiff "All you have to make is another 180 points" to pass, Harris provided no tutoring or remediation to plaintiff, refused to discuss the grade with plaintiff, refused plaintiff's request to review her test papers, and included material, such as drug dosage and calculations, in the unit exams that were not spelled out in the syllabus.

30.    Plaintiff further alleges that Dr. Blackwell, Dean Lowe, Peterson, and Harris, all of them employees of CVCC, acting under color of law, regulation, custom, and usage of the State of Alabama, allowed plaintiff and another student to substitute NUR200 for NUR252, but then denied plaintiff's course forgiveness request after Peterson had assured her the grade she earned in NUR252

6

would not be held against her.

31.     Plaintiff further alleges that defendants CVCC, Dr. Blackwell, Dean Lowe, and Peterson acted in bad faith by failing to provide a clinical instructor for NUR252 for five weeks. In the absence of the clinical instructor, defendants secured the services of a "guest speaker" who was unprepared for class, and failed to follow the course syllabus, causing turmoil in the nursing program with adverse effects upon plaintiff.

32.     Plaintiff further alleges that defendants CVCC, Dr. Blackwell, Dean Lowe, and Peterson failed to adequately train and supervise Harris as a nursing instructor at CVCC. As a direct and proximate result of the neglect, carelessness, or unskillfulness of defendants, plaintiff not only earned a "D" grade in NUR252 in the fall semester of 2005, but was also denied her due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

33.     Plaintiff further alleges that defendants denied her rights as guaranteed by 42 U.S.C §1981 in that her ability to make and enforce contracts at CVCC was impaired under color of state law, regulation, policy, custom, practice or usage.

34.     By allowing similarly situated students, including the student originally from Nigeria whose lawyer secured for her special consideration to retake NUR272 when it was not even scheduled to be offered until the following academic year, to retake failed courses complete with course forgiveness and then graduate from the nursing program, defendants denied plaintiff her due process rights for which defendants are liable to plaintiff in their individual and official capacity.

### COUNT II-CIVIL CONSPIRACY AND VIOLATION OF 42 U.S.C. §1981

35.     Plaintiff realleges and incorporates by reference paragraphs 1 through 34 above with the same force and effect as if fully set out in specific detail below.

36.     Plaintiff alleges that with the knowledge and approval of defendants Dr. Blackwell,

Dean Lowe, and Peterson, all of them acting within the line and scope of their employment at CVCC, she enrolled in NUR200 under the mistaken belief that she would be granted course forgiveness for NUR252 if she passed NUR200 because NUR252 would no longer be offered due to the anticipated implementation of the standardized statewide curriculum. Peterson offered NUR200 to plaintiff and another similarly situated student, and even assured plaintiff that the grade earned in NUR252 would not be held against her.

37.     After plaintiff had earned a grade of "A" in NUR200, defendant Dr. Blackwell wrote to plaintiff to say that NUR200 did not take away the failing grade earned in NUR252.

38.     Plaintiff further alleges that in the summer of 2006, prior to taking NUR272, Peterson conspired with defendants and other nursing instructors to flunk plaintiff because Peterson felt she was "weak," and was not going to pass the nursing board exams.

39.     Plaintiff avers that Peterson's decision to instruct instructors to flunk her in NUR272 was motivated by a desire to secure re-certification for the nursing program at CVCC. Peterson felt that plaintiff would not contribute to maintaining the 80 percent pass rate CVCC needed to keep the program on its campus. As pre-determined by Peterson, plaintiff earned a "D" grade in NUR272 in the summer of 2006, and was not allowed to graduate or re-enroll at CVCC. Plaintiff further avers that in furtherance of the civil conspiracy, her CARE plans were graded on three separate occasions causing her to flunk NUR272.

40.     Plaintiff further avers that defendants, acting under color of law, custom, regulation and usage of the State of Alabama, met, joined together, planned, and conspired to deny plaintiff the right to make and enforce contracts as a full-time student at CVCC. Specifically, defendants misled plaintiff into believing that she could get course forgiveness with respect to NUR252 if she passed NUR200, and even assured her that her previous grade of "D" would not be held against her. Course

8

forgiveness was granted to similarly situated students at CVCC. Plaintiff also avers that defendants conspired to flunk her long before she took NUR272 in the summer of 2006.

41.    Plaintiff is informed and believes and thereon alleges that all of the defendants engaged in a civil conspiracy to deny her a nursing degree, and that her ability to make and enforce contracts at CVCC pursuant to 42 U.S.C. §1981 was impaired under color of law, regulation, custom, and usage of the State of Alabama.

42.    Plaintiff is informed and believes and thereon alleges that the outrageous conduct of defendants as described above was malicious and oppressive and done with a conscious disregard of plaintiff's constitutional due process rights, and with the intent to injure plaintiff. Because CVCC ratified the conduct of defendants by doing nothing, despite its knowledge of defendants' unlawful conduct, plaintiff is entitled to compensatory and punitive damages from defendants.

## COUNT THREE III: TORT OF OUTRAGE

43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above with the same force and effect as if fully set out in specific detail below.

44.    Plaintiff alleges that all of the defendants intentionally and recklessly caused plaintiff to suffer emotional distress while she was pregnant by denying her due process rights, by engaging in a civil conspiracy to inflict injury upon her, and by depriving her of the opportunity to complete her nursing degree program at CVCC.

45.    Defendants' actions, specifically by misleading her into believing that would get grade forgiveness for NUR252 if she passed NUR200, and by conspiring to flunk her in NUR272 in the summer of 2006, were outrageous in character and extreme in degree.

46.    The emotional distress defendants caused plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

9

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment for herself and against defendants as follows:

a)     Plaintiff prays that the court will enter an order declaring that defendants have violated plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution, and have engaged in a civil conspiracy to deny plaintiff an opportunity to obtain a four-year nursing degree and therefore are to be jointly and severally liable for all damages awarded by the jury without allocation, apportionment, or limitation of liability;

b)     Plaintiff prays that the court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable federal and state laws at CVCC, and order defendants to re-enroll plaintiff and allow her to complete her nursing degree program at CVCC;

c)     Plaintiff demands compensatory and punitive damages against each defendant in such amount as the jury may deem appropriate to penalize defendants for their intentional and malicious acts of misconduct;

d)     Plaintiff prays that the court will grant her the costs of this action including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

e)     Plaintiff prays that the court will grant her such equitable relief as to which she may be entitled, and grant such other relief as the court may deem proper and just.

Respectfully submitted on this the _7th_ day of December 2006.

Peter A. Dumbuya (DUM006)
Attorney for Plaintiff
P.O. Box 3302
Phenix City, AL 36868
(706) 289-5082

Jennifer B. Cooley (COO083)
Attorney for Plaintiff
1507 Broad Street
Phenix City, AL 36867
(334) 298-7062

11