IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LINDY G. WRIGHT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 3:06-cv-1087-WKW |
| ) | |
| CHATTAHOOCHEE VALLEY ) | |
| COMMUNITY COLLEGE, et al. ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COME NOW the Defendants designated as Chattahoochee Valley Community College ("CVCC"), Dr. Laurel Blackwell, Dr. James Lowe, and Dr. Dixie Peterson by and through the undersigned counsel and respond to the correspondingly numbered paragraphs of Plaintiff's Complaint as follows. All matters not expressly admitted herein are denied.

### I. JURISDICTION

1. Defendants admit that this Court has jurisdiction of claims arising under the named statutes. Defendants deny any violations of said statutes.

2. Defendants deny the allegations contained in Paragraph Two.

3. Defendants deny the allegations contained in Paragraph Three.

### II. PARTIES

4. Defendants are without sufficient information to either admit or deny the allegations in Paragraph Four of Plaintiff's Complaint.

5. Defendants deny the allegations contained in Paragraph Five.

6. Defendants admit the allegations contained in Paragraph Six.

7. Defendants admit the allegations contained in Paragraph Seven.

1

8. Defendants admit the allegations contained in Paragraph Eight.

9. Defendants admit the allegations contained in Paragraph Nine.

10. Defendants deny the allegations contained in Paragraph Ten.

### III. FACTUAL AVERMENTS

11. Defendants deny the allegations contained in Paragraph Eleven.

12. Defendants deny the allegations contained in Paragraph Twelve.

13. Defendants deny the allegations contained in Paragraph Thirteen.

14. Defendants deny the allegations contained in Paragraph Fourteen.

15. Defendants deny the allegations contained in Paragraph Fifteen.

16. Defendants deny the allegations contained in Paragraph Sixteen.

17. Defendants deny the allegations contained in Paragraph Seventeen.

18. Defendants deny the allegations contained in Paragraph Eighteen.

19. Defendants deny the allegations contained in Paragraph Nineteen.

20. Defendants deny the allegations contained in Paragraph Twenty.

21. Defendants deny the allegations contained in Paragraph Twenty-One.

22. Defendants deny the allegations contained in Paragraph Twenty-Two.

23. Defendants deny the allegations contained in Paragraph Twenty-Three.

24. Defendants deny the allegations contained in Paragraph Twenty-Four.

25. Defendants deny the allegations contained in Paragraph Twenty-Five.

26. Defendants deny the allegations contained in Paragraph Twenty-Six.

### IV. CAUSES OF ACTION

27. Defendants readopt and reallege its responses to Paragraphs One through Paragraphs Twenty-Six as if fully set forth herein.

28. Defendants deny the allegations contained in Paragraph Twenty-Eight.

29. Defendants deny the allegations contained in Paragraph Twenty-Nine.

30. Defendants deny the allegations contained in Paragraph Thirty.

31. Defendants deny the allegations contained in Paragraph Thirty-One.

32. Defendants deny the allegations contained in Paragraph Thirty-Two.

33. Defendants deny the allegations contained in Paragraph Thirty-Three.

34. Defendants deny the allegations contained in Paragraph Thirty-Four.

## V.  COUNT II - CIVIL CONSPIRACY AND VIOLATION of 42 U.S.C. §1981

35. Defendants readopt and reallege its responses to Paragraphs One through Paragraphs Thirty-Four as if fully set forth herein.

36. Defendants deny the allegations contained in Paragraph Thirty-Six.

37. Defendants deny the allegations contained in Paragraph Thirty-Seven.

38. Defendants deny the allegations contained in Paragraph Thirty-Eight.

39. Defendants deny the allegations contained in Paragraph Thirty-Nine.

40. Defendants deny the allegations contained in Paragraph Forty.

41. Defendants deny the allegations contained in Paragraph Forty-One.

42. Defendants deny the allegations contained in Paragraph Forty-Two.

## VI.  COUNT III –TORT OF OUTRAGE

43. Defendants readopt and reallege its responses to Paragraphs One through Paragraphs Forty-Two as if fully set forth herein.

44. Defendants deny the allegations contained in Paragraph Forty-Four.

45. Defendants deny the allegations contained in Paragraph Forty-Five.

## VII.  PRAYER FOR REIEF

Defendants deny that it has violated any laws and deny that Plaintiff is entitled to the relief requested in her Prayer for Relief (including subparts a-e) or to any other relief.

## VIII.  ADDITIONAL DEFENSES

1. Except as expressly admitted hereinabove, Defendants deny the material allegations of Plaintiff's Complaint and demand strict proof thereof.

2. The Plaintiff is not entitled to any of the relief requested in her complaint.

3. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

4. The Court lacks subject matter jurisdiction over the Plaintiff's claims.

5. The Plaintiff's claims are barred under the doctrine of sovereign immunity.

6. The Plaintiff's claims are barred under the doctrine of qualified immunity.

7. The Plaintiff's claims are barred under the doctrine of discretionary function immunity.

8. The Plaintiff's claims are barred by state agent immunity.

9. Any actions taken by the Defendants regarding Plaintiff were in accordance with applicable laws, policies, and regulations.

10. The Defendants did not intentionally act in a wrongful manner.

11. The Defendants are not guilty of the matters and things alleged in Plaintiff's Complaint.

12. The Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

13. The Plaintiff's claims, in whole or in part, are barred by acquiescence, waiver, and/or estoppel.

14. The Plaintiff's claims for equitable relief are barred by her "unclean hands."

15. All actions by the Defendants were made and remain in good faith.

16. The Plaintiff has not sustained any damages.

17. There is no proximate cause between any action on the part of any of the Defendants and the Plaintiff's alleged damages.

18. Even if an improper or impermissible motive played any role in the challenged actions (which the Defendants expressly deny), the same actions would have been taken without regard to the improper or impermissible motive.

19. The allegations in Plaintiff's Complaint are vague and fail to apprise the Defendants adequately of the claim or claims they must defend against.

20. The Plaintiff's claims are barred by her failure to exhaust all administrative remedies and/or any other conditions precedent to filing suit.

21. To the extent that the Plaintiff seeks compensatory damages for mental and emotional distress in this case, any award of such damages would violate the defendants' rights to procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for mental and emotional distress; therefore, the Plaintiff cannot recover such damages.

22. To avoid waiver, Plaintiff has failed to mitigate or reasonably mitigate her claimed damages.

23. Plaintiff's claims are frivolous and Defendants is entitled to recover all attorney fees, costs and other expenses incurred in defending against this case.

24. Defendants may not be held liable for punitive damages as Defendants have undertaken a good faith effort to comply with state and federal laws and have never acted with malice or with reckless indifference to Plaintiff.

25. Plaintiff is not entitled to punitive damages under federal or state law.

26. Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 U.S. 1589 (1996) and its progeny.

27. Plaintiff was contributorily negligent.

28. Plaintiff is not entitled to attorney fees as a matter of law.

27. At the time of filing this answer, Defendants have neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this answer at a later date, up to and including trial.

                        Respectfully submitted,

                        s/Joan Yvette Davis
                        Attorney for Defendant (DAV084)

Address of Counsel:

Department of Postsecondary Education
401 Adams Avenue, Suite 280
Montgomery, Alabama 36130
TEL:   334-242-2982
FAX:   334-242-2888
E-mail: jdavis@acs.cc.al.us

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter A. Dumbuya
P.O. Box 3302
Phenix City, Alabama 36868

Jennifer B. Cooley
1507 Broad Street
Phenix City, Alabama 36867

                s/Joan Yvette Davis
                OF COUNSEL